UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06-61851-CIV-UNGARO/O'SULLIVAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

RANDALL L. LESHIN, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** came before the Court on November 28, 2007, on the Plaintiff Federal Trade Commission's Motion to Compel Production of Documents Responsive to Plaintiff's Fifth Request for Production and Memorandum in Support (DE# 183, 10/5/07). Having heard argument of counsel and having carefully considered the applicable filings and law and having conducted an in camera review of the thirteen alleged privileged documents (Defs. Ex. 1, under seal; DE# 268), it is

**ORDERED AND ADJUDGED** that the Plaintiff Federal Trade Commission's Motion to Compel Production of Documents Responsive to Plaintiff's Fifth Request for Production and Memorandum in Support (DE# 183, 10/5/07) is DENIED. During the hearing, the parties addressed only[1] Request Number 8 which sought production of documents that the defendants claim are protected by the attorney client privilege.[2]

---

[1] During the hearing, the issue of good faith was raised. Because the good faith issue was not properly briefed by the parties, the Court will not address the issue.

[2] The government advised that it needs to review and evaluate the remedial production of documents that were produced by the defendant in Washington, D.C., on November 27, 2007. The government will file a notice with the Court if the remedial

Request Number 8 requests:

> All communications between attorneys and Randall L. Leshin or directors or officers of Express Consolidation, Inc. concerning whether Express Consolidation, Inc. is appropriately or properly setup as a nonprofit corporation or tax-exempt organization.

(Pl.'s Mot. to Compel; DE# 183, Ex. 1, 10/5/07)

The undersigned finds that the defendant narrowly waived the attorney client privilege when he testified during a court hearing in a separate action in July, 2004.[3] Mr. Leshin's testimony constituted a limited waiver as to the tension between Section 559.10 of the Florida Statutes that requires budget planning to be done by a licensed attorney and the credit card creditor requirements that require debt management companies to be not-for-profit entities. See, United States v. Jacobs, 117 F.3d 82, 91 (2d Cir. 1997) ("Public, even extrajudicial, disclosures constitute a waiver of the privilege 'for the *communications or portions of communications disclosed*.'") (quoting In re Kidder v. Peabody Securities Litigation, 168 F.R.D. 459, 469 (S.D.N.Y. 1996) (emphasis supplied); United States v. Mendelsohn, 896 F.2d 1183, 1188 (9th Cir. 1990) (finding a limited waiver of the attorney client privilege and limiting testimony of the attorney to the subject of the limited waiver); Smith v. Alyeska Pipeline Service Co.,

---

production does not resolve the issues raised in the motion to compel regarding Requests Numbered 1, 4, 7, 8, 9, 10, and 21.

[3] The limited waiver occurred during Mr. Leshin's testimony at the hearing on July 21, 2004, in the case of Edgar Elie, as Director, on behalf of Express Consolidation, Inc., a Florida not-for-profit corporation, v. Randall L. Leshin and Randall L. Leshin, P.A., a Florida corporation, Circuit Court Case No. 50 2004 CA 003845 XXX AN, in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida.  Mr. Leshin testified that "And [our attorneys] are comfortable with the set-up that we have." (DE# 183-2, Ex. 4, p. 93, ln. 13-16)

977 F. Supp. 977, 979 (D. Del. 1982) (disclosure of some privileged communications between attorney and client constitutes waiver as to the remainder of the communication that relates to the same subject matter) (citations omitted).

In the present case, documents regarding the subject matter of the limited waiver have not been requested and are not responsive to Request Number 8 of the Plaintiff's Fifth Request for Production. The documents identified on the privilege log regarding Request Number 8 are protected by the attorney client privilege as communications between the defendants and their counsel.  The defendant has not waived the attorney client privilege regarding the communications requested in Request for Production Number 8.

DONE AND ORDERED, in Chambers, at Miami, Florida, this __5 th__ day of December, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Judge Ungaro
All counsel of record