**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 06-61851-CIV-UNGARO

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RANDALL L. LESHIN, et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER MODIFYING STIPULATED INJUNCTION AND ORDER AS TO**
**DEFENDANTS RANDALL L. LESHIN, RANDALL LESHIN, P.A., EXPRESS**
**CONSOLIDATION, INC., AND CHARLES FERDON**

The Court having found that the Defendants and DMCCI violated Paragraph X.A. and

VI.D of the Stipulated Injunction and Order as to Defendants Randall L. Leshin, Randall Leshin,

P.A., Express Consolidation, Inc., and Charles Ferdon

**IT IS HEREBY ORDERED** as follows:

**DEFINITIONS**

1.      "At the Defendants' expense" means the Defendants shall reimburse the Monitor for all

fees, costs and expenses incurred by the Monitor and his agents including, but not limited

to, preparing, printing, sending, providing return postage for, and processing the notices

described in this Order.

1

2.      "Contempt Defendants" as used herein shall mean DMCCI, Randall L. Leshin, Randall Leshin, P.A., Express Consolidation, Inc., and Charles Ferdon, individually, collectively, or in any combination.

3.      "Defendants" as used herein shall mean Randall L. Leshin, Randall Leshin, P.A., Express Consolidation, Inc., and Charles Ferdon, individually, collectively, or in any combination.

4.      "DMCCI" as used herein shall mean Debt Management Counseling Center, Inc. Defendant Leshin controls and supervises the actions of DMCCI, and DMCCI is bound by this Order under Rule 65(d), Fed. R.Civ. P.

5.      "Monitor" as used herein shall mean Gerald Wald.

6.      "Monitor's July 2008 Notices" as used herein shall mean the notices sent by the Monitor pursuant to Paragraph IX.C of the Stipulated Injunction and Order as to Defendants Randall L. Leshin, Randall Leshin, P.A., Express Consolidation, Inc., and Charles Ferdon.

7.      "971 Existing Clients" refers to the clients identified in the table attached as Exhibit C to the Monitor's Third Report (D.E. 356-4).

### EFFECT ON PRIOR COURT ORDERS

**I.      IT IS ORDERED** that the Stipulated Injunction and Order as to Defendants Randall L. Leshin, Randall Leshin, P.A., Express Consolidation, Inc., and Charles Ferdon entered on May 5, 2008 ("Final Order") (D.E. 321) remains in full force and effect.  Except as expressly provided herein, nothing contained in this Order shall alter, modify, or limit in any way the terms and conditions of the Final Order.

### CEASE COLLECTIONS FROM CLIENTS IN STATES WHERE COURT RULED DEFENDANTS WERE NOT QUALIFIED TO CONDUCT DEBT MANAGEMENT SERVICES

II.     **IT IS FURTHER ORDERED** that Defendants shall cease collecting fees from any client who resides in Florida, Georgia, Kentucky, Ohio, Texas, Tennessee, California, North Dakota, Nevada, Colorado, Delaware, Indiana, Iowa, Kansas, Minnesota, New Hampshire, Rhode Island, South Carolina, and Virginia and from whom Defendants have continued to collect payments under contracts executed prior to May 5, 2008.

**NOTIFICATION TO CLIENTS WHOSE CONTRACTS WERE ENTERED OR TRANSFERRED OR FROM WHOM COLLECTIONS WERE CONTINUED IN VIOLATION OF THE FINAL ORDER**

III.    **IT IS FURTHER ORDERED** that:

A.    The Monitor shall send the notice that accompanies this Order (as modified by the Court in a separate order) as Appendix III to each of the 971 Existing Clients to inform each of these clients that the Defendants violated the Final Order by continuing collections after cancellation of the client's prior contract, and that the client may (1) continue in a debt management plan by contracting with an alternative debt consolidation services provider identified in the notice; or (2) make his own arrangements for paying debts covered by the plan directly or through another provider.  Monitor shall include with the notice a self-addressed postage pre-paid envelope and a form for the client to send to the Monitor within thirty (30) days after receiving the notice to indicate whether the client wishes to discontinue the debt management plan immediately or continue with the alternative provider.

B.    Defendants shall not communicate with clients covered by this Paragraph in any way that contradicts or comments upon the terms of this notice.

3

C.    Defendants shall pay any money paid by any of the clients receiving this notice to Defendants before the date of this Order, that has not been distributed to the client's creditors, to that client's creditors immediately.  Defendants shall pay any money paid by any of the clients receiving this notice to Defendants after the entry of this Order to that client's creditors or to the client within fifteen (15) days after Defendants receive the funds.

D.    Defendants shall not collect any further fees under the current contract from a client who receives notice under this Paragraph and shall provide any such client or the client's alternative debt consolidation services provider with any customer information and account records necessary to continue a debt management plan within ten (10) days of receiving a written request.

E.    As with the Monitor's July 2008 Notices, the Defendants shall reimburse the Monitor for all costs incurred by the Monitor or his or her agents in printing, mailing, and providing return postage for the notices described under this paragraph.  Any other compensation of the Monitor associated with these notices shall be at the same rate and in the same manner as requests for compensation and fees pursuant to Paragraph XI.C of the Final Order.

IV.   **IT IS FURTHER ORDERED** that:

A.    The Monitor shall send the notice that accompanies this Order as Appendix IV (as modified by the Court in a separate order) to each of the clients in California, Kentucky, Nevada, and Tennessee whose contracts were executed after May 5, 2008 and who are not among the 971 Existing Clients to inform each of these clients that the Defendants violated the Final Order by continuing collections after

4

cancellation of the client's prior contract, and that the client may (1) continue in a debt management plan by contracting with an alternative debt consolidation services provider identified in the notice; or (2) make his own arrangements for paying debts covered by the plan directly or through another provider.  Monitor shall include with the notice a self-addressed postage pre-paid envelope and a form for the client to send to the Monitor within thirty (30) days after receiving the notice to indicate whether the client wishes to discontinue the debt management plan immediately or continue with the alternative provider.

B.     Defendants shall not communicate with clients covered by this Paragraph in any way that contradicts or comments upon the terms of this notice.

C.     Defendants shall pay any money paid by any of the clients receiving this notice to Defendants before the date of this Order, that has not been distributed to the client's creditors, to that client's creditors immediately.  Defendants shall pay any money paid by any of the clients receiving this notice to Defendants after the entry of this Order to that client's creditors or to the client within fifteen (15) days after Defendants receive the funds.

D.     Defendants shall not collect any further fees under the current contract from a client who receives notice under this Paragraph and shall provide any such client or the client's alternative debt consolidation services provider with any account records necessary to continue a debt management plan within ten (10) days of receiving a written request.

E.     As with the Monitor's July 2008 Notices, the Defendants shall reimburse the Monitor for all costs incurred by the Monitor or his or her agents in printing,

mailing, and providing return postage for the notices described under this paragraph.  Any other compensation of the Monitor associated with these notices shall be at the same rate and in the same manner as requests for compensation and fees pursuant to Paragraph XI.C of the Final Order.

V.    **IT IS FURTHER ORDERED** that:

A.    The Monitor shall send the notice that accompanies this Order as Appendix V (as modified by the court in a separate order) to each of the clients in Florida, Georgia, Ohio whose contracts were executed before July 18, 2008 and who are not among the 971 Existing Clients, and to all clients in Texas whose contracts were executed before August 8, 2008 and who are not among the 971 Existing Clients, to inform each client that the Defendants violated the Final Order by continuing collections after cancellation of the client's prior contract, and that the client may (1) continue in a debt management plan by contracting with an alternative debt consolidation services provider identified in the notice; or (2) make his own arrangements for paying debts covered by the plan directly or through another provider.  Monitor shall include with the notice a self-addressed postage pre-paid envelope and a form for the client to send to the Monitor within thirty (30) days after receiving the notice to indicate whether the client wishes to discontinue the debt management plan immediately or continue with the alternative provider.

B.    Defendants shall not communicate with clients covered by this Paragraph in any way that contradicts or comments upon the terms of this notice.

C. Defendants shall pay any money paid by any of the clients receiving this notice to Defendants before the date of this Order, that has not been distributed to the client's creditors, to that client's creditors immediately.  Defendants shall pay any money paid by any of the clients receiving this notice to Defendants after the entry of this Order to that client's creditors or to the client within fifteen (15) days after Defendants receive the funds.

D. Defendants shall not collect any further fees under the current contract from a client who receives notice under this Paragraph and shall provide any such client or the client's alternative debt consolidation services provider with any account records necessary to continue a debt management plan within ten (10) days of receiving a written request.

E. As with the Monitor's July 2008 Notices, the Defendants shall reimburse the Monitor for all costs incurred by the Monitor or his or her agents in printing, mailing, and providing return postage for the notices described under this paragraph.  Any other compensation of the Monitor associated with these notices shall be at the same rate and in the same manner as requests for compensation and fees pursuant to Paragraph XI.C of the Final Order.

**VI.** **IT IS FURTHER ORDERED** that:

A. At the Defendants' expense, the Monitor shall send the notice that accompanies this Order as Appendix VI (as modified by the Court in a separate order) to each of the clients in California, Florida, Georgia, Kentucky, Minnesota, Nevada, Ohio, Tennessee, and Texas who did not respond to the Monitor's July 2008 Notices to inform each client that the client may (1) continue in a debt management plan by

contracting with an alternative debt consolidation services provider identified in the notice; or (2) make his own arrangements for paying debts covered by the plan directly or through another provider.  Monitor shall include with the notice a self-addressed postage pre-paid envelope and a form for the client to send to the Monitor within thirty (30) days after receiving the notice to indicate whether the client wishes to discontinue the debt management plan immediately or continue with the alternative provider.

## PROHIBITION ON TRANSFERS

**VII.    IT IS FURTHER ORDERED** that Defendants are permanently restrained and enjoined from assigning or transferring any contract for debt consolidation services between a consumer and one or more of the Contempt Defendants to another Contempt Defendant or to any debt consolidation services provider owned or controlled by one or more of the Contempt Defendants.

## CLIENT INFORMATION

**VIII.   IT IS FURTHER ORDERED** that Defendants are permanently restrained and enjoined, as to the clients covered by Paragraphs III, IV, V and VI above, from:

A.    Disclosing, using, or benefitting from customer information of those clients, except with the consent of the client, or as directed or approved by the FTC or the Monitor, including transfers between and among Contempt Defendants or to any debt consolidation services provider owned or controlled by Contempt Defendants.  Customer information includes the name, address, telephone number, email address, social security number, contract, other identifying information, or any data that enables access to a customer's credit card, checking, savings, mortgage, loan, debit card or similar account.  *Provided*, however, that

8

nothing in this Order prohibits the transfer of customer information to an alternative debt consolidation services provider not affiliated in any way with Defendants and identified by the Commission or the client pursuant to the notices in paragraphs III, IV, V and VI, above.

B.  Failing to dispose of such customer information in all forms in the possession custody and control within five (5) days after notification by the FTC.  Disposal shall be by means that protect against unauthorized access to customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that customer information cannot practicably be read or reconstructed.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IX.**   **IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

**X.**    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order and the Final Order.

**IT IS SO ORDERED**, this 14th day of April, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE