UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61851-CIV-UNGARO/SIMONTON

**FEDERAL TRADE COMMISSION,**

 Plaintiff,

v.

**RANDALL L. LESHIN, et al.,**

 Defendants
_____/

**REPORT AND RECOMMENDATION ON
SUPPLEMENTAL MOTION FOR ORDER TO SHOW
CAUSE WHY DEFENDANTS SHOULD NOT HELD
IN CONTEMPT FOR VIOLATING THE STIPULATED INJUNCTION
AND OBJECTION TO AND PETITION FOR THE
APPOINTMENT OF THE REPLACEMENT AUDITOR**

 Presently pending before the Court are Plaintiff Federal Trade Commission's Supplemental Motion for Order to Show Cause Why Defendants Should not be Held in Contempt for Violating the Stipulated Injunction (DE # 530) and Defendants' Objection To and Petition For the Appointment of a Replacement Auditor (DE # 536). The Motions are fully briefed (DE ## 535, 546, 551, 553) and have been referred to the undersigned Magistrate Judge (DE ## 532, 542). For the following reasons, the undersigned recommends that the FTC's Motion seeking to hold the Defendants in Contempt be Denied; the Defendants' Motion to Appoint a Replacement Auditor be Denied; and, the Defendants be directed to execute an agreement with Independent Auditor, Richard Pollack, within ten (10) days from the date that the Court enters an Order ruling on the Motions.

 I. <u>Background</u>

 This matter was initiated when the Plaintiff Federal Trade Commission ("FTC")

filed a Complaint and First Amended Complaint seeking a Permanent Injunction and other Equitable Relief against several individuals and entities including Defendants Randall L. Leshin, Randall Leshin P.A., Express Consolidation, Inc., and Charles Ferdon, alleging violations of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53 (b), and 57(b); and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108 (DE ## 1, 68).  In general terms, the FTC alleged that Defendants used deceptive and abusive marketing practices related to debt consolidation services offered to consumers nationwide (DE # 68).

On May 5, 2008, the action was settled through the Court's entry of a Stipulated Injunction and Order between the FTC and the named Defendants (DE # 321).[1]  The Stipulated Injunction provided, among other things, that the Defendants would no longer offer debt consolidation services in states where the Defendants had failed to comply with the state's legal requirements related to that business, and further provided for the Court to appoint a temporary monitor to oversee the Defendants' compliance with their obligations related to certain payments and other notification and financial responsibilities as set forth in the Stipulated Injunction.

Further, Section XVII of the Stipulated Injunction provided,

> By (i) the one-hundred and twentieth (120) day after the date this Order is entered; or (ii) the date on which the Monitor has completed transferring funds from the Transition Trust Account to Express Consolidation, Inc., whichever is later, Defendants shall execute an Independent Auditor agreement with an individual who has been selected by the Monitor to serve as the Independent Auditor under this Paragraph . . .

---

[1] Two other Defendants, Consumer Credit Consolidation, Inc., and Maureen A. Gaviola, were also named in this action but settled with the FTC through a separate Stipulated Injunction, and thus were not named are not involved in the instant Motion for Civil Contempt (DE ## 320, 321).

(DE # 321 at 44).  The Stipulated Injunction also enumerated the responsibilities of the Independent Auditor which included regularly examining the Defendants' documents, and regularly providing reports to the Commission and the Monitor regarding the Defendants' compliance with the Injunction, beginning one hundred eighty (180) days after the Injunction was entered and continuing for three years after that date. *Id.*  The Injunction also ordered that the Defendants compensate the Auditor for services reasonably necessary to perform its duties, at reasonable and customary terms and conditions (DE # 321 at 47).

On April 7, 2009, the Court issued an Order finding the Defendants in contempt for violating certain sections of the Stipulated Injunction (DE # 395). In that Order, the Court ordered that the Defendants be disgorged of certain monies collected from consumers after the date that the Stipulated Injunction was entered and directed the Court-Appointed Monitor to determine the exact amount to be disgorged (DE # 395 at 45).  Sometime thereafter, the Court issued a Corrected Final Judgment of Disgorgement and Consumer Redress ("Disgorgement Order") directing the Contempt Defendants to disgorge the amount of $594,987.90, within thirty days, to compensate the consumers whose money was taken in violation of the Stipulated Injunction and Order (DE # 489). [2]

On May 18, 2010, the Court-Appointed Monitor submitted his Final Report to the Court (DE # 514).  In that Report, the Monitor provided an update to the Court regarding

---

[2] On June 23, 2010, the FTC filed a Motion for Order to Show Cause why the Contempt Defendants, including Non-Party Debt Management Counseling Center, Inc., ("DMCCI") should not be held in contempt for violating the Corrected Final Judgment of Disgorgement and Consumer Redress (DE # 519).  The Defendants filed an Opposition (DE # 533), and the FTC filed a Reply (DE # 537). An evidentiary hearing was held on that Motion, and the Motion is addressed in a separate Report and Recommendation (DE # 557).

the Defendants' compliance with certain mandates arising from the settlement of the FTC action, and provided information regarding the status of certain Accounts established and maintained by the Monitor pursuant to the Stipulated Injunction. The Final Report specifically addressed the status of the Defendants entering into an agreement with an Independent Auditor, and stated that the Defendants had taken the position that they did not have to sign an agreement with an Independent Auditor until the Monitor had completed transferring funds in the Transition Trust Account to the Defendants pursuant to Section XVII of the Stipulated Injunction (DE # 514 at 7).[3] The Monitor confirmed that upon transfer of the Transition Trust Account funds to the Defendants, the Defendants were required to execute the Independent Auditor Agreement. *Id.*

On June 8, 2010, the Defendants filed a Response to the Monitor's Final Report wherein Defendants asserted that there was no requirement that they sign an agreement with an Independent Auditor until the Monitor completed his duties (DE # 517 at 3). In addition, the Defendants stated that due to the high fees charged by the auditor that had been selected by the Monitor, that they lacked the ability to comply with that portion of the Stipulated Injunction.

On June 29, 2010, the Honorable Ursula Ungaro, the District Judge assigned to this matter, issued an Order on the Monitor's Final Report to the Court and Order Awarding Attorney Fees and Reimbursed Costs to Monitor and His Counsel (DE # 524).

---

[3] The Transition Trust Account is one of the accounts which the Court ordered the Court-Appointed Monitor to establish for purposes of implementing the provisions of the Order on the Stipulated Injunction (DE # 321 at 22). The Transition Trust Account is specifically designated to hold funds in trust for the payment of the Defendants' debt consolidation clients' obligations and is solely controlled by the Monitor (DE # 321 at 22-23).

In that Order, the Court specifically addressed the requirement that the Defendants sign an agreement with an Independent Auditor by stating,

> The Court accepts the Monitor's assessment that Contempt Defendants are currently in compliance with the provisions of the Stipulated Injunction and subsequent order of this Court regarding the transfer and termination of consumers' debt management plans. Accordingly, the Court finds that the transfer to Defendants of the funds remaining in the Fee Account and Transition Trust Account is appropriate. However, upon completion of such transfer, Defendants must comply with Section XVII.A. of the Stipulated Injunction, which requires that they execute an agreement with the independent auditor selected by the Monitor, Richard Pollack, to perform the duties detailed in that Section of the Stipulated Injunction.

(DE # 524 at 3). In addition, the Court ordered, "Upon the completion of the transfer [of the remaining funds in the Transition Trust Account], Defendants shall execute an agreement with Richard Pollack to act as an independent auditor, as provided for in Section XVII.A. of the Stipulated Injunction." (DE # 524 at 4).

On Friday, July 2, 2010, the Court-Appointed Monitor filed a Notice of Compliance stating, among other things, that the remaining balance of the Transition Trust Account had been transferred to the Defendants' Disbursement Account (DE # 525 at 1). Less than two weeks later, on July 14, 2010, the FTC filed the instant Supplemental Motion for Order to Show Cause seeking to have the Defendants held in contempt for failing to execute the agreement with the Auditor selected by the Monitor (DE # 530).

Defendants filed a timely response to the Plaintiff's Supplemental Contempt Motion (DE # 535) and two days later, filed the currently-pending Objection to and Petition for the Appointment of a Replacement Auditor (DE # 536).

## II. FTC's Supplemental Motion for Order to Show Cause Why Defendants Should not be Held in Contempt for Violating the Stipulated Injunction

### A. Parties' Positions

In the Supplemental Motion for Contempt, the FTC requests, *inter alia*, that the Court hold individual Defendants Randall Leshin and Charles Ferdon, as well as corporate entities, Randall Leshin, P.A., and Express Consolidation, Inc., in contempt for failing to comply with that portion of the Stipulated Injunction that requires the Defendants to execute an agreement with an independent auditor (DE # 530). According to the FTC, pursuant to the Stipulated Injunction, the Court-Appointed Monitor in this case selected Richard Pollack as an Independent Auditor, and on December 15, 2008, Defendant Leshin reported to the Court that the Defendants had reached an agreement with Mr. Pollack that would be signed on the date that the Monitor completed transferring funds from the Transition Trust Account to Defendant Express Consolidation. The FTC alleges that sometime thereafter, the Defendants refused to execute the agreement because, according to the Defendants, they lacked the ability to pay the Independent Auditor. The FTC asserts that this failure is in direct violation of the Stipulated Injunction agreed to by the Parties which expressly requires that the Defendants retain an independent auditor chosen by the Monitor in this case to oversee their debt consolidation services, and thus contends that the Defendants should be held in civil contempt.

In support of its position, the FTC has submitted the Declaration of Richard A. Pollack, a director of the firm of Berkowitz Dick Pollack & Brant, Certified Public Accountants & Consultants, LLP, wherein Mr. Pollack states that he has engaged in discussions with the Defendants regarding the retention of his firm to provide the

6

services described in the Stipulated Injunction in this matter (DE # 530-2). Mr. Pollack states that in March 2009, his firm forwarded a draft agreement to the Defendants setting forth discounted rates for the staff of the firm and requesting a $10,000.00 retainer to be paid by the Defendants. The Declaration further states that in June of 2010, Mr. Pollack received an email from Mr. Leshin stating that the Defendants were facing financial difficulties and inquiring whether the firm would work on a "pro bono basis" or for "extremely little in the way of fees." Mr. Pollack states that the $10,000.00 retainer charged by his firm is reasonable and customary and the rates contained in the March 2009 draft agreement sent to the Defendants represents a 15% discount from the firm's regular billing rates. Mr. Pollack states that the Defendants signed the agreement in June of 2010, but made changes to the draft agreement which are not acceptable to his firm.

The FTC contends that the unilateral changes made by the Defendants on the draft agreement render the agreement a counter-offer which does not satisfy the Court's requirement that the Defendant enter into an agreement with Mr. Pollack. Specifically, the FTC asserts that the Defendants improperly changed the language of the Agreement in an effort to keep the Individual Defendants, Randall Leshin and Charles Ferdon, from having to pay the Auditor's fees for the Corporate Defendants. The FTC further contends that the Defendants have failed to establish that they lack the ability to comply with the requirement that they engage Mr. Pollack as an Auditor in this matter. The FTC therefore asserts that a sanction is necessary to coerce Defendants to retain an independent Auditor and further state that the Defendants have shown that a monetary sanction would be meaningless. The FTC therefore requests that the Court enter a contempt finding and incarcerate the Defendants until they execute an agreement with Mr. Pollack.

In Response, Defendants assert that they are unable to afford the Auditor proposed by the Monitor, and instead suggest that the Court appoint a different, less-costly auditor. The Defendants also assert that the changes they made to the draft agreement with the Auditor were appropriate, and primarily were done to reflect that the Defendants were unable to afford the $10,000.00 retainer fee charged by Mr. Pollack, and to ensure that the Defendants were each only responsible for the Auditor's fees to the extent that they related to work performed by the Auditor for that specific Defendant.

### B.     Law and Analysis

A civil contempt sanction may serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate a party for losses suffered as a result of the contemnor's act. *Sheet Metal Workers Local 441 Health & Welfare Fund, et al., v, Unatank Corp.*, 2008 WL 2163915 *2 (S.D. Ala. May 19, 2008)(citing *McGregor v. Chierico*, 206 F.3d 1378, 1385 n. 5 (11th Cir.2000)). Based upon the Parties' submissions and a thorough review of the entire record, for the following reasons, the undersigned concludes that a finding of civil contempt based upon the Defendants' failure to execute an agreement with the Independent Auditor is not warranted at this time.

At the outset, it is worth noting that although the FTC's current Motion is styled as a Supplemental Motion to the FTC's June 23, 2010 Motion for Order to Show Cause why Contempt Defendants Should not be Held in Contempt for Violating the Corrected Final Judgment of Disgorgement and Consumer Redress (DE # 519), in actuality, the instant Motion is a distinct motion from the June 23rd Motion, and thus is not a Supplement to that Motion. Specifically, the instant Contempt Motion seeks to have the Defendants, Randall Leshin, Charles Ferdon, Express Consolidated Inc., and Randall Leshin, P.A. held in contempt for failing to comply with portions of the Stipulated

**Injunction related to the appointment of an auditor, whereas the June 23, 2010 Motion for Contempt filed by the FTC seeks to have the *Contempt* Defendants Randall Leshin, Charles Ferdon, Express Consolidated Inc., Randall Leshin, P.A., and non-party Defendant Debt Management Counseling Center, Inc., held in contempt for failing to comply with the Disgorgement Order entered by the Court on January 20, 2010. Because the Contempt Motions are predicated upon different alleged contemptuous conduct, the undersigned has examined the facts underlying each Motion, separately and independently.**

As to the merits of the FTC's current Motion, as stated above, on June 29, 2010, the Court issued an Order directing the Defendants to execute an agreement with Richard Pollack, the Auditor selected by the Court-Appointed Monitor in this case (DE # 524). The Order did not specify the exact date by which the Defendants had to execute the agreement with the Independent Auditor. However, implicit in the Court's Order was an acknowledgment that the Defendants' obligation to execute an agreement with the Auditor did not arise until and upon the completion of the Monitor's transfer of funds from the Transition Trust Account to the Defendants. Thus, to the extent that the FTC argues that the Defendants were in contempt for failing to sign the agreement with the Independent Auditor prior to the Court's June 29, 2010 Order, the record does not support such a conclusion.

In addition, according to Mr. Pollack's Declaration, on June 28, and 30, 2010, Mr. Pollack received two emails from Mr. Leshin stating that the Defendants were facing financial difficulties and had an inability to pay a substantial retainer or fees associated with the retention of the Auditor (DE # 530-2). Mr. Pollack states that attached to the June 30, 2010 email was a draft agreement which had been forwarded to the Defendants

from Mr. Pollack's firm in March 2008, and had been signed by Defendants Randall Leshin and Charles Ferdon on June 30, 2010 (DE # 530-2). The draft agreement contained various modifications made by Defendants regarding the terms of the agreement with the Auditor. Also, the record reflects that on July 2, 2010, the Monitor filed his Notice of Compliance, wherein he stated that he had completed the transfer of funds from the Transition Trust Account to the Defendants. Thus it is clear from the record that Defendants attempted to negotiate and, in fact, did sign an agreement with the selected Auditor, on or about the time that the Court issued its Order directing the Defendants to do so, and prior to the Monitor filing his Notice of Compliance indicating that the Transition Trust Account funds had been completely transferred to the Defendants.

The FTC filed its Contempt Motion related to this issue twelve days after the Monitor filed his Notice of Compliance, and fourteen days after the Court entered its Order directing the Defendants to sign the agreement with the Auditor, and after the Defendants had returned a signed, modified draft agreement to the Auditor. Therefore, the undersigned concludes under these facts, the FTC has failed to demonstrate that the Defendants were in contempt at the time that the FTC filed its Supplemental Contempt Motion seeking that the Defendants be incarcerated until they execute the agreement. This is not to say that the undersigned finds that the Defendants used all reasonable efforts to comply with the Stipulated Injunction in this regard, rather because the FTC filed its Supplemental Contempt Motion so quickly after the events giving rise to the Defendants' obligation to execute the Independent Auditor agreement, the record does not support a finding of contempt. In addition, as discussed below, the Defendants have affirmatively sought relief from this aspect of the Injunction.

**Moreover, the FTC has not shown that a sanction of incarceration on this particular issue is appropriate. The FTC has failed to show the imposition of a incarceration as a sanction will serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate a party for losses suffered as a result of the contemnor's act. Thus, the undersigned recommends that the FTC's Motion be denied.**

**However, the undersigned also finds that the Defendants have failed to demonstrate, as discussed below related to Defendants' Petition to Appoint Replacement Auditor, that they are unable to comply with the Orders requiring the Defendants to retain Mr. Pollack as an independent auditor. Rather, it appears that the Defendants simply believe that the fees charged by Mr. Pollack are too high. Further, pursuant to the express language of the Stipulated Injunction and the Court's June 30, 2010 Order, the Defendants must execute an Independent Auditor Agreement with Mr. Richard Pollack, the Independent Auditor selected by the Court-Appointed Monitor, rather than an auditor chosen by the Defendants.**

**In addition, the undersigned concludes that the Defendants' suggestion that each Defendant, whether corporate or individual, should only be responsible for fees incurred by the Auditor related to that specific Defendant does not comport with the language of the agreed-upon Stipulated Injunction, which directs the "Defendants" to compensate the auditor, without any reference to each Defendant only paying for services related to that particular Defendant.**

**Accordingly, the undersigned recommends that the Defendants be directed to sign the agreement with Richard Pollack as ordered by this Court in the Stipulated Injunction.**

### III.     Defendants' Objection to and Petition for the Appointment of a Replacement Auditor

#### A.     Parties' Positions

Approximately three weeks after the FTC filed its Supplemental Motion to Show Cause, Defendants filed their Objection and Petition for the Appointment of a Replacement Auditor (DE # 536).   In that filing, Defendants assert, pursuant to section XVII.D. of the Stipulated Injunction, that if either Party has a reasonable objection to the performance of the Auditor, that Party may petition the Court for the appointment of a replacement Auditor.  Defendants assert that they object to the appointment and retention of the Appointed Auditor and instead propose the appointment of a different auditor, Mr. Gregg Nicholls (DE # 536).  Defendants explain that such a replacement best serves the needs of all of the Parties because the Defendants are unable to afford the rates of the Auditor selected by the Mediator, Richard Pollack.

In Response, the FTC asserts that the Defendants do not have the right under the Stipulated Injunction to unilaterally seek a different auditor based upon the Defendants' assertion that they are unable to afford the Auditor selected by the Monitor.  The FTC also disputes that the Defendants are unable to afford to pay the Auditor's fees.

For the following reasons, the undersigned recommends that the Defendants' Objections to the Appointment of Richard Pollack as Auditor be overruled; and, Defendants' Petition for the Appointment of a Replacement Auditor be denied.

#### B.     Analysis

First, as argued by the FTC, while the Defendants are correct that Section XVII D. of the Stipulated Injunction provides that the Parties may petition the Court for a replacement Auditor, the language makes clear that such a request should be based

upon a "reasonable objection to the performance of the Auditor." (DE # 321 at 47).  In this case, the Defendants have not raised any questions about the "performance" of the Auditor selected by the Monitor, but rather only take issue with the amount charged by that Auditor.[4]  There is nothing in the Stipulated Injunction that permits a Party to petition for a replacement Auditor on this basis.  As such, Defendants' request should be denied on this ground alone.

Further, Defendants argue that their inability to afford the Auditor constitutes a "reasonable objection."  However, again, the Stipulated Injunction only speaks to the Auditor's "performance" which under any reasonable interpretation of that word, would not reach the costs associated with retention of the Auditor, unless those costs directly correlated to the Auditor's objectionable performance.  In the instant Petition, the Defendants have not suggested that Richard Pollack is unqualified or unable to perform the obligations set forth in the Stipulated Injunction, or that Mr. Pollack's performance to date has been sub-par or otherwise objectionable.[5]

On the contrary, the record indicates that the Mr. Pollack and the firm of Berkowitz Dick Pollack & Brant, Certified Public Accountants & Consultants, LLP, are highly qualified to perform the services required to be performed by the auditor under the Stipulated Injunction. (DE # 349-2).

Further, the Stipulated Injunction does not permit the Defendants to select the Auditor, rather that discretion has been placed solely with the Monitor.  As such,

---

[4] The undersigned is aware that the Defendants initially questioned the independence of the Auditor selected by the Monitor.  However, those claims were not re-raised in the instant Motions, and thus the undersigned does not address that issue.

[5] Moreover, as discussed *infra*., even if inability to pay was a basis to seek a replacement Auditor, Defendants have failed to establish this inability.

**Defendants' suggestion that Mr. Nicholls be selected as the Auditor is without basis, particularly in light of the fact that the Defendants agreed to the Stipulated Injunction, including the provision that the Monitor would select the Independent Auditor. Also, there is no guarantee that Mr. Nicholls' total fees will be significantly less than the total fees charged by Mr. Pollack over an extended period of time. In any event, Defendants' assertion that they lack the ability to afford to pay the Auditor is belied by the record before this Court which includes a recent finding by the undersigned that the Defendants still hold substantial assets, and receive substantial income. (DE # 557).**

In addition, the Court-Appointed Monitor considered the costs associated with the retention of Mr. Pollack as the Auditor in this matter. Specifically, in the Monitor's Second Interim Report to the Court and Response to Plaintiff's Motion to Extend Tenure of the Monitor (DE # 349), the Monitor stated the following,

> The Monitor is sensitive to Defendants' concerns regarding costs and for this reason negotiated reduced fees from Mr. Pollack's firm for the auditing assignment. The Monitor also firmly believes that the selection of an Auditor in Compliance with the Final Order should be based upon qualifications and not upon who promises to charge the lowest fees. In the Monitor's judgment, the Defendants have proffered no compelling reasons why the Monitor's selection of Mr. Pollack should be reconsidered.

(DE # 349 at 14).

Finally, as discussed above, this Court has already considered and rejected the Defendants' argument on this very point. Specifically, in the Court's June 30, 2010, Order, the Court, after considering the arguments raised by Defendants related to the costs of the selected Auditor, nevertheless ordered the Defendants to sign an agreement with Auditor Richard Pollack, after the Monitor completed the transfer of funds from the Transition Trust Account.

**Thus, simply put, under the terms of the Stipulated Injunction and the Court's June 29, 2010 Order, and under the facts herein, the Defendants are not entitled to have the Court appoint a different Auditor, let alone one of the Defendants' choosing, based upon the Defendants' belief that the fees charged by the Auditor selected by the Court-Appointed Monitor are too high. Thus, Defendants' Objections should be overruled and their Petition denied. Defendants should be directed to sign the Agreement with the Auditor as required by the Stipulated Injunction in this matter.**

## IV.     Conclusion

**Therefore, based upon a review of the relevant portions of the record, and the arguments raised by the Parties in their submissions, it is hereby**

**RECOMMENDED that Plaintiff Federal Trade Commission's Supplemental Motion for Order to Show Cause Why Defendants Should not be Held in Contempt for Violating the Stipulated Injunction (DE # 530) be DENIED, without prejudice to refile the request for contempt sanctions if Defendants do not comply with an Order directing them to sign the agreement with the Independent Auditor within ten days from the entry of that Order. It is further**

**RECOMMENDED that Defendants' Objection To and Petition For the Appointment of a Replacement Auditor (DE # 536) be DENIED. It is further**

**RECOMMENDED that Defendants Randall L. Leshin, Randall Leshin P.A., Express Consolidation, Inc., and Charles Ferdon, be ordered to comply with Section XVII.D. of the Stipulated Injunction (DE # 321), and this Court's June 29, 2010 Order (DE # 524) by signing the agreement with Independent Auditor Richard Pollack within ten days from the entry of an Order adopting this Report and Recommendation or other Order**

directing the Defendants to retain an Independent Auditor as required by the Stipulated Injunction.

The parties will have fourteen days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Miami, Florida, on February 17, 2011.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**