# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-61851-CIV-UNGARO/SIMONTON

**FEDERAL TRADE COMMISSION,**

 **Plaintiff,**

**v.**

**RANDALL L. LESHIN, et al.,**

 **Defendants**

_____/

### ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Plaintiff Federal Trade Commission's Motion for Order to Show Cause Why Defendants Randall L. Leshin, Randall Leshin P.A., Express Consolidation, Inc., Charles Ferdon; and Non-Party Debt Management Counseling Center, Inc., Should not be Held in Contempt for Violating the Corrected Final Judgment of Disgorgement and Consumer Redress. (D.E. 519.) Defendants Randall L. Leshin, Randall Leshin P.A., Express Consolidation, Inc., and Charles Ferdon and Non-Party Debt Management Counseling Center, Inc., have filed a Response to the Motion (D.E. 533) and the FTC has filed a Reply (D.E. 537). The Motion was referred to Magistrate Judge Andrea M. Simonton. (D.E. 521.) An evidentiary hearing was held on the Motion, and post hearing briefs were filed. (D.E. 552 & 554.)

On February 15, 2011, the Magistrate Judge issued a Report and Recommendation on the Motion, recommending that the Plaintiff's Motion be granted and that the Contempt Defendants be found in civil contempt of the Disgorgement Order. (D.E. 557.) The parties were afforded the opportunity to file objections to the Magistrate Judge's Report; no objections were filed.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.  The Court concurs with the findings and conclusions contained in the Report; accordingly, upon a review of the record as a whole, it is hereby

ORDERED AND ADJUDGED that Plaintiff Federal Trade Commission's Motion for Order to Show Cause Why Defendants Randall L. Leshin, Randall Leshin P.A., Express Consolidation, Inc., Charles Ferdon; and Non-Party Debt Management Counseling Center, Inc., Should not be Held in Contempt for Violating the Corrected Final Judgment of Disgorgement and Consumer Redress (D.E. 519) is GRANTED, in part.  It is further

ORDERED AND ADJUDGED that Contempt Defendants are found to be in civil contempt of court for violating the Corrected Final Judgment of Disgorgement and Consumer Redress issued on January 29, 2010 (D.E. 489). It is further

ORDERED AND ADJUDGED that the Contempt Defendants, as separately set forth below, are ordered to either relinquish the following accounts to the FTC or ordered to pay the sums equal to the total amount of $92,671.00 to the FTC, as follows:

<u>Charles Ferdon</u>

1.  Funds in two Bank of America Accounts valued on May 3, 2010 at $11,750.55; consisting of one account with a balance of $56.37; and, a second account ending in "7293" with a balance of $11,694.18, which is primarily comprised of monies from Mr. Ferdon's liquidated retirement accounts as identified by the FTC.  The $56.37 amount reflects the lesser amount of the two accounts held by Mr. Ferdon jointly with his wife or with his mother, because the Court is unable to ascertain, based upon the record, which amount (either $56.37 or $172.45) correlates to

which account.  Thus, because the FTC has not established and/or identified what amount is held in which account, the Court, in its discretion, orders that Mr. Ferdon disgorge the lesser of those two amounts, representing the joint account held with his wife.  Because there is no evidence that any of Mr. Ferdon's monies are in the joint account that he holds with his mother, Mr. Ferdon need not relinquish that account or the monies contained therein.

2.      Funds held in a college savings plan with the Florida Prepaid Program, Account number with the last four numbers "8732" and valued at $9,517.05, on April 27, 2010.

Thus, Mr. Ferdon must pay $21,267.60 to the FTC, in order to purge himself of the Court's finding of contempt, if he elects not to relinquish his rights and interests in those Accounts in their entirety.

Randall Leshin

1.      Cash value of life insurance policy valued at $23,253.00 on March 4, 2010;

2.      IRA funds in a Prudential annuity contract valued at $35,545.43 on April 5, 2010;

3.      Funds in two Pershing brokerage accounts valued at $4,363.55 according to statements dated March 31, 2010 and April 30, 2010;

4.      Funds in three personal Bank of America Accounts and one Washington Mutual Account (now Chase) with the total value of $1,517.74 at May 11, 2010.

Thus, if Mr. Leshin elects not to relinquish all interest and title to the FTC of these Accounts, the total amount that Mr. Leshin must relinquish, as an individual Contempt Defendant, in order to purge himself of the Court's finding of contempt is the sum of the

3

Accounts listed above, totaling $64,679.72.

Corporate Defendants

Funds held in the bank accounts of Randall Leshin, P.A., referred to as "Recovery" and "Operating" Accounts related to the collection side of that firm, which totaled $14,418.91 as of May 18, 2010.  To the extent the sums held in the Recovery Account belong to creditor-clients of the firm, Randall Leshin, P.A. should be directed to provide an accounting of those monies, which sets forth the exact fees and costs due to the firm, which will not be forwarded to the clients; and then relinquish those Accounts to the FTC.

If Randall Leshin, P.A. elects not to relinquish all rights and interests in the Recovery and Operating Accounts to the FTC, the total amount of money that Mr. Leshin must relinquish, on behalf of Randall Leshin, P.A., in order to purge that entity of the Court's finding of contempt, is $6,723.68; consisting of $2,170.44 which represents 22% of the total amount of $9,865.67 of the Recovery Account, which this Court, in its discretion, finds is owed to Randall Leshin, P.A., as fees and costs from the funds contained in the Recovery Account as of May 18, 2010; and, the entire $4,553.24 sum held by the Operating Account as of May 18, 2010.  It is further

ORDERED AND ADJUDGED that the Contempt Defendants, Randall Leshin, Charles Ferdon, and Randall Leshin, P.A., must comply with the above requirements within ten days of this Order.  It is further

ORDERED AND ADJUDGED that, should either of the Individual Contempt Defendants not relinquish the assets identified above to the FTC within ten days of the issuance of this Order, upon written notice from the FTC of the infringing Defendant's non-compliance, the infringing Defendant shall be taken into custody and incarcerated until such time as he fully

4

complies with this Court's order.  It is further

ORDERED AND ADJUDGED that, should Randall Leshin, P.A., not relinquish the

assets identified above to the FTC within ten days of the issuance of this Order, upon written

notice from the FTC of Randall Leshin, P.A.'s noncompliance, Defendant Randall Leshin shall

be taken into custody and incarcerated until such time as Randall Leshin, P.A., fully complies

with this Court's order.  It is further

ORDERED AND ADJUDGED that the FTC may apply to convert to a money judgment

any unpaid balances of the disgorgement amount of $594,987.90, plus interest, as requested by

the FTC in Part V of its Proposed Order (D.E. 519-1).

DONE AND ORDERED in Chambers at Miami, Florida, on this _8th_ day of March,

2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE


copies provided: counsel of record

5