UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61851-CIV-UNGARO

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

RANDALL L. LESHIN, et al.,

    Defendants

_____/

## ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Plaintiff's Supplemental Motion for Order to Show Cause Why Defendants Should not be Held in Contempt for Violating the Stipulated Injunction ("Supplemental Motion for Contempt") (D.E. 535) and upon Defendants' Objection to and Petition for the Appointment of a Replacement Auditor (D.E. 536).

THE COURT has considered the Motion and the Petition and the pertinent portions of the record and is otherwise fully advised in the premises.

By way of background, on May 5, 2008, the parties entered into a Stipulated Injunction, approved by the Court. (D.E. 321.) Section XVII of the Stipulated Injunction provides that the Court-Appointed Monitor shall select an Independent Auditor to audit and monitor Defendants' accounts and report periodically to the FTC. (D.E. 321.) Under the terms of the Stipulated Injunction, Defendants are required to execute an agreement with the Independent Auditor

> [b]y (i) the one-hundred and twentieth (120) day after the date this Order is entered; or (ii) the date on which the Monitor has completed transferring funds from the Transition Trust Account to Express Consolidation, Inc., whichever is later.

(D.E. 321, p. 44.)  The Monitor selected Mr. Richard Pollack to serve as the Independent Auditor.  (D.E. 349, p. 13.)

On April 7, 2009, the Court found Defendants and non-party Debt Management Counseling Center, Inc. in contempt for violating various terms of the Stipulated Injunction.  (D.E. 395.)  The Court ordered Contempt Defendants to disgorge amounts collected from consumers in violation of the Stipulated Injunction and ordered the Monitor to determine the precise amount to be disgorged.  (D.E. 395.)  On January 28, 2010, the Court issued a Corrected Final Judgment of Disgorgement and Consumer Redress ("Disgorgement Order") directing the Contempt Defendants to disgorge to the Plaintiff within thirty days the sum of $594,987.90.  (D.E. 489.)  Defendants failed to disgorge the ordered sum to the FTC, and on June 23, 2010, Plaintiff filed a Motion for Order to Show Cause why the Contempt Defendants should not be held in contempt for their failure to comply with the Court's Disgorgement Order ("First Motion for Contempt").  (D.E. 519.)

Then on July 2, 2010, the Monitor filed a Notice of Compliance stating that he had transferred the remaining balance of the Transition Trust Account to Defendants.  (D.E. 525.)  On July 14, 2010, Plaintiff filed the instant Supplemental Motion for Order to Show Cause seeking to have the Defendants held in contempt for failing to execute the agreement with the Independent Auditor selected by the Monitor and incarcerated until they execute such agreement.  (D.E. 530.)  Defendants timely responded to the Supplemental Motion for Contempt and filed the pending Objection to and Petition for the Appointment of a Replacement Auditor.  (D.E. 536.)

Both of the instant matters, as well as Plaintiff's First Motion for Contempt, were referred to Magistrate Judge Andrea M. Simonton, who held an evidentiary hearing on the Motions.  On

February 15, 2011, Magistrate Judge Simonton issued a Report and Recommendation on Plaintiff's First Motion for Contempt, in which she recommended granting the Motion, finding Contempt Defendants once more in contempt, and ordering them to disgorge a total of $92,671.00 within ten days of the Court's adoption of the Report.  (D.E. 557.)  She further recommended that the Court order individual Defendants Leshin and Ferdon to be incarcerated if they and corporate Defendant Randall Leshin, P.A. did not comply with the Order within ten days.  (D.E. 557.)  No objections to the Report were filed, and on March 8, 2011, the Court affirmed and adopted the Report in its entirety.[1]  (D.E. 563.)

On February 17, 2011, the Magistrate Judge issued a Report and Recommendation, recommending that the Plaintiff's Supplemental Motion for Contempt be denied.  (D.E. 558.) The Report further recommends that Defendants' Petition for the Appointment of a Replacement Auditor be denied and that the Court order Defendants to execute an agreement with Richard Pollack, the individual selected by the Monitor to serve as the Independent Auditor.  On March 3, 2011, the FTC filed its Objection to the Magistrate's Report (D.E. 560), and on March 17, 2011, Defendants filed a Joint Response to Plaintiff's Objection (D.E. 569).

## Discussion

The instant dispute turns on Defendants' failure to execute an agreement with the Independent Auditor selected by the Monitor.  Plaintiff contends that Defendants' failure warrants a finding of contempt and a sanction of immediate incarceration until such time as the Defendants execute the agreement with Mr. Pollack.  Defendants contend that they are unable to

---

[1] On March 23, 2011, Defendants indicated that they had complied with the Order adopting the Magistrate Judge's Report and ordering Defendants to disgorge the above sums to Plaintiff. (D.E. 571.)

afford the retainer and hourly fees charged by Mr. Pollack. As a result, they argue that contempt is not appropriate and further request that the Court permit them to execute an agreement with another accountant, Mr. Gregg Nicholls, to perform the auditing and monitoring services required by the Stipulated Injunction at a lower rate. Plaintiff opposes the appointment of Mr. Nicholls, arguing that Defendants should not be permitted to unilaterally seek a different auditor and disputing Defendants' claimed inability to pay Mr. Pollack's rates.

## Plaintiff's Motion for Contempt

With respect to Plaintiff's Supplemental Motion for Contempt, the Court concurs with the Magistrate Judge's conclusion that a finding of contempt is not warranted with respect to this matter. District courts have inherent and statutory authority to enforce their orders and to punish violators for contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980). Civil contempt is a remedial sanction designed and intended to obtain compliance with a court order or to compensate for damages sustained as a result of noncompliance. *McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000).

In a civil contempt proceeding, the moving party must demonstrate by clear and convincing evidence that the underlying order was violated. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). The alleged contemnor may then defend his failure on the grounds that he was unable to comply. *Id.* Should the alleged contemnor meet his burden of production on his inability to comply, the burden then shifts back to the initiating party to show by clear and convincing evidence that the alleged contemnor was, in fact, able to comply with the court's order. *Id.*

First, the Court finds that Plaintiff has not met its burden of proving by clear and

convincing evidence that Defendants violated the Stipulated Injunction by failing to execute an agreement with Mr. Pollack at the time the Monitor transferred control to Defendants of the Transition Trust Account.  The Court adopts the Magistrate Judge's findings that Defendants made some efforts to execute an agreement with Mr. Pollack at or around the time of the transfer of funds, though such efforts were ultimately unsuccessful.  (D.E. 558, pp. 9–10.)  And because Plaintiff filed the instant Supplemental Motion for Contempt so quickly on the heels of the transfer of funds (*See* D.E. 530), it is not clear that, at the time the Motion was filed, Defendants were in violation of the provisions of the Stipulated Injunction.

Moreover, the Court finds that Plaintiff has not met its burden of proving by clear and convincing evidence that Defendants were, in fact, able to comply with the provision of the Stipulated Injunction that required them to execute an agreement with Mr. Pollack at the time the Monitor transferred control of the Transition Trust Account to Defendants.  The undersigned adopted the findings included in the Magistrate Judge's Report recommending granting Plaintiff's First Motion for Contempt, including the finding that Defendants had the ability to comply, at least in part, with the Court's Disgorgement Order.  (D.E. 557 & 563.)  Nonetheless, Plaintiff has not proven by clear and convincing evidence that Defendants had the ability both to disgorge the sums included in the Magistrate Judge's Report and to execute the agreement with Mr. Pollack, which requires a retainer fee in the amount of $10,000.  Accordingly, a finding of contempt is not warranted at this time.  *See Commodity Futures*, 950 F.2d 1525.

Defendants' Petition for the Appointment of a Replacement Auditor

Defendants request that the Court permit them to enter an agreement for auditing and monitoring services with Mr. Nicholls rather than Mr. Pollack.  Defendants rely on a provision of

the Stipulated Injunction which permits either party to petition the Court for the appointment of a replacement auditor "if Defendants or the Commission have a reasonable objection to the performance of the Auditor." (D.E. 321, p. 47.)

The Court concurs with the Magistrate Judge's conclusion that Defendants' request to allow them to execute an agreement with Mr. Nicholls rather than Mr. Pollack is not permitted under the terms of the Stipulated Injunction. The provision of the Stipulated Injunction that provides for the appointment of a replacement auditor is clearly and solely premised on an objection to the *performance* of the Independent Auditor named by the Monitor. As Mr. Pollack, the Independent Auditor selected by the Monitor, has not yet been engaged to perform any services in connection with this matter, Defendants' objection to his appointment is obviously unrelated to his performance. Rather, Defendants' objection is based solely on their claimed inability to pay Mr. Pollack's rates, a contingency not provided for in the Stipulated Injunction.

The Court cannot grant Defendants the relief they seek under the terms of the Stipulated Injunction. Moreover, the broader goals of the Stipulated Injunction, namely the protection of consumers and Defendants' compliance with legal and regulatory requirements in their debt consolidation practice, warrant the appointment of an Independent Auditor. Though Defendants represent to the Court in their Response to Plaintiff's Objections that they are winding down their debt consolidation business (*See* D.E. 569), the services of an auditor are required until such time as that process is complete.

The Court recognizes that Defendants' ability to comply with the current terms of the Stipulated Injunction and to pay Mr. Pollack's fees may have changed since his selection as Independent Auditor. And, while Mr. Pollack is surely qualified to perform the services

contemplated, another auditor may be able to provide adequate services at a lower cost. Accordingly, within ten days from the date of this Order, Defendants must either execute an agreement with Mr. Pollack, as contemplated in the Stipulated Injunction, or move to modify the Stipulated Injunction to permit Defendants to enter into such an agreement with an individual other than the Independent Auditor named by the Monitor.[2]

## Conclusion

For the reasons stated above, it is

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 558) is RATIFIED, ADOPTED AND AFFIRMED.  It is further

ORDERED AND ADJUDGED that Plaintiff's Supplemental Motion for Order to Show Cause Why Defendants Should not be Held in Contempt for Violating the Stipulated Injunction (D.E. 530) is DENIED.  It is further

ORDERED AND ADJUDGED that Defendants' Petition to Appoint a Replacement Auditor (D.E. 536) is DENIED.  It is further

ORDERED AND ADJUDGED that, within ten days from the issuance of this Order, Defendants must either execute an agreement with the Independent Auditor named by the Monitor, Mr. Pollack, as provided for in the Stipulated Injunction, or file a proper motion to modify the Stipulated Injunction to allow for the appointment of an alternative Independent Auditor based on their changed financial circumstances.

---

[2] The Court cautions Defendants, however, that additional briefing and hearings may be required, should they seek to modify the Stipulated Injunction, thereby protracting the duration and accompanying costs of this already lengthy litigation.

DONE AND ORDERED in Chambers at Miami, Florida, on this 24th day of March, 2011.

*Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record